**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| JOHN B. ADRAIN, | § | |
| | § | |
| *Plaintiff*, | § | Case No. _____ |
| | § | |
| vs. | § | **JURY TRIAL DEMANDED** |
| | § | |
| GENERAL MOTORS LLC, | § | |
| | § | |
| *Defendant*. | § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff John B. Adrain ("Adrain") brings this action against defendant General Motors LLC ("GM" or "Defendant") and alleges:

### THE PARTIES

**1.** Adrain is the inventor of and owns the entire right, title, and interest in the patent at issue in this case.

**2.** On information and belief, GM is a corporation organized and existing under the laws of Delaware, with its principal place of business located at 300 Renaissance Center, Detroit, Michigan, 48265. GM can be served with process in Texas through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

### JURISDICTION AND VENUE

**3.** This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

4. Subject-matter jurisdiction over Adrain's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

5. On information and belief, Defendant has operated, conducted, engaged in, and/or carried on business in the state of Texas.

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d), and/or 1400(b).

**PATENT INFRINGEMENT**

7. On November 3, 1998, U.S. Patent No. 5,831,669, entitled "Facility Monitoring System with Image Memory and Correlation" was duly and legally issued to the inventor, John B. Adrain. A Reexamination Certificate for U.S. Patent No. 5,831,669 issued on August 21, 2012. A second Reexamination Certificate for U.S. Patent No. 5,831,669 issued on June 16, 2014. A true and correct copy of U.S. Patent 5,831,669 with the Reexamination Certificates is attached hereto as Exhibit A. (U.S. Patent 5,831,669 and the Reexamination Certificates are collectively referred to as "the '669 patent.") Adrain owns all right, title and interest in the '669 patent, including the right to sue for and recover all past, present and future damages for infringement of the '669 patent.

8. The '669 patent is presumed valid.

9. GM sells vehicles that are equipped with monitoring systems that generally include components such as, for example, a movably mounted digital camera that outputs digital image data, computer equipment that processes and stores various image data, and an output interface (such as on the vehicle dashboard) for reporting results of comparisons of image data (hereinafter "Accused Products").

10. Upon information and belief, GM, either alone or in conjunction with others, has in the past and continues to infringe and/or induce infringement of the '669 patent by making, using,

selling, offering to sell, and/or importing, and/or causing others to make, use, sell, or offer to sell, and/or import, in this judicial district and/or elsewhere in the United States, Accused Products that alone or in use are covered by one or more of the claims of the '669 patent.

11. Consumers purchase and use GM's Accused Products and are instructed by GM to use such Accused Products to perform methods that infringe one or more claims of the '669 patent.

12. GM provides instructions, such as owner's manuals, that instruct consumers on how to set up and use GM's Accused Products in such infringing manner, specifically intending such consumers will operate these Accused Products devices in such a manner, and knowing of such actions, which constitutes infringement of one or more claims of the '669 patent.

13. GM indirectly infringes one or more claims of the '669 patent in violation of 35 U.S.C. 271(b) by inducing consumers of GM's Accused Products to directly infringe one or more claims of the '669 patent through their use of such Accused Products in accordance with GM's instructions.

14. For example, GM induces direct infringement of the '669 patent by providing user manuals and instructions for the Accused Products that show users how to set up and operate the Accused Products such that, by following GM's instructions, the end users of the Accused Products directly infringe one more claims of the '669 patent.  GM engages in such inducement knowingly and, at least from the time of receipt of the present Complaint, has done so with knowledge that such activity encourages consumers of its Accused Products to directly infringe the '669 patent.

15. GM is liable for infringement of the '669 patent pursuant to 35 U.S.C. § 271.

16. GM's acts of infringement have caused damage to Adrain, and Adrain is entitled to recover from GM the damages sustained by Adrain as a result of GM's wrongful acts in an amount subject to proof at trial.

17. As a consequence of the infringement complained of herein, Adrain has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless GM is enjoined by this Court from committing further acts of infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Adrain prays for entry of judgment that:

A. GM has directly infringed and/or induced infringement of the '669 patent;

B. GM accounts for and pays to Adrain all damages caused by its infringement of the '669 patent;

C. Adrain be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining GM and its officers, agents, servants, employees and those persons in active concert or participation with it from further acts of patent infringement;

D. Adrain be granted pre-judgment and post-judgment interest on the damages caused to him by reason of GM's patent infringement;

E. Adrain be granted his reasonable attorneys' fees;

F. Costs be awarded to Adrain; and,

G. Adrain be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Adrain demands trial by jury on all claims and issues so triable.

Respectfully submitted,

Dated: September 12, 2014         By:   /s/ Elizabeth L. DeRieux
                                        John T. Polasek

Texas Bar. No. 16088590
tpolasek@pqelaw.com
C. Dale Quisenberry
Texas Bar No. 24005040
dquisenberry@pqelaw.com
Jeffrey S. David
Texas Bar No. 24053171
jdavid@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

Otis W. Carroll
State Bar No. 03895700
nancy@icklaw.com
Deborah Race
State Bar No. 16448700
drace@icklaw.com
IRELAND, CARROLL & KELLEY, P.C
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas 75711
Telephone: (903) 561-1600
Facsimile: (903) 581-1071

S. Calvin Capshaw
State Bar No. 03783900
ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 East Commerce Avenue
Gladewater, Texas  75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

Russell R. Smith
State Bar No. 18682310
rsmith@fairchildlawfirm.com
Fairchild, Price, Haley, & Smith, L.L.P.
1801 North Street


Nacogdoches, Texas 75963-1668
Telephone:  (936) 569-2327
Facsimile:  (936) 569-7932

*Attorneys for Plaintiff*